UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THOMAS E. JONES,**

      **Plaintiff,**

v.                                              Case No:  6:18-cv-1489-Orl-41DCI

**WRIGHT NATIONAL FLOOD**
**INSURANCE COMPANY,**

      **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION AND CLAIMS FOR DECLARATORY RELIEF, PUNITIVE AND EXEMPLARY DAMAGES, COSTS, AND INTEREST (Doc. 7)** |
| **FILED:** | **October 17, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I.    Background**

Plaintiff resides and owns a residence in Orange County, Florida, which, at all relevant times, was covered by a standard flood insurance policy issued by Defendant, which issued the Policy in its capacity as a Write-Your-Own insurance carrier participating in the National Flood Insurance Program.  Docs. 1. at ¶¶ 2-3, 6; 8 at ¶ 3.  Plaintiff alleges that his residence was damaged as Hurricane Irma passed through Central Florida.  Doc. 1 at ¶ 4.  Specifically, Plaintiff alleges

that the hurricane "caused massive damage, including storm water and flood damage to component parts and contents of [his] residence[.]" *Id*. As a result of the damage, Plaintiff submitted a claim with Defendant. *Id*. at ¶ 9. In response to Plaintiff's claim, a claims adjuster inspected Plaintiff's residence and, upon completion of the inspection, Defendant offered to pay Plaintiff $864.15 for the damage to his residence and personal property. *Id*. at ¶¶ 10-12. Plaintiff alleges that this amount was less than the total damages caused by the flood waters. *Id*. at ¶ 12.

On September 11, 2018, Plaintiff, who is proceeding *pro se*, filed a complaint against Defendant asserting the following claims: Count I – breach of contract; Count II – negligent misrepresentation; and, Count III – violation of the National Flood Insurance Act (NFIA), the Code of Federal Regulations (CFR) interpreting the NFIA,[1] and federal common law. *Id*. at 2, 4 (Complaint). Based on these claims, Plaintiff seeks the following relief: 1) a declaration that the Policy provides full coverage of the damages caused by the hurricane; 2) a declaration that Defendant violated the NFIA, the CFRs interpreting the NFIA, and federal common law; 3) damages for Defendant's bad faith; 4) "[c]ourt [c]osts, expenses, and judicial interest;" and 5) $12,323.31 for the damages to his residence and personal property. *Id*. at 4.

On October 17, 2018, Defendant filed an answer to Count I of the Complaint. Doc. 8.

That same day, Defendant moved to dismiss Counts II and III of the Complaint, as well as several of Plaintiff's requests for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 7 (Motion to Dismiss). In support, Defendant attached the Policy. Docs. 7-1; 7-2.[2]

On November 19, 2018, Plaintiff filed a response in opposition to the Motion to Dismiss. Doc. 17.

---

[1] Plaintiff did not identify the regulations that Defendant allegedly violated. *See* Doc. 1.

[2] The Policy was not attached to the Complaint.

**II.     Standard of Review**

In the considering a motion to dismiss, a court must view the challenged complaint in the light most favorable to the plaintiff. *See, e.g.*, *Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court is limited in its consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). And the court will liberally construe a plaintiff's allegations in the complaint in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). But "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). As has been succinctly explained in this District:

> In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

*Destra v. Demings*, Case No. 6:15-cv-1143-Orl-31TBS, 2015 WL 13310042, *2 (M.D. Fla. Nov. 10, 2015), *vacated in part on other grounds* 2016 WL 8939119 (M.D. Fla. Feb. 8, 2016). Although pleadings filed by *pro se* litigants are construed liberally, *pro se* litigants must "nonetheless conform to procedural rules." *Topping v. U.S. Dep't. of Educ.*, 510 F. App'x 816, 818 (11th Cir. 2013) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).

### III. Analysis

Defendant argues that Plaintiff is limited to bringing a claim for breach of contract and that his remaining claims (Counts II and III) are either preempted or barred by federal law. Doc. 7 at 6-8. Further, Defendant argues that Plaintiff's requests for declaratory relief, bad faith damages, costs, expenses, and interest are prohibited under the applicable law. *Id*. at 8-12. Thus, Defendant requests that Counts II and III and Plaintiff's requests for declaratory relief, bad faith damages, costs, expenses, and interest be dismissed. *Id*. at 12.

Plaintiff simply argues that Defendant has failed to "present[ ] . . . evidence" why Counts II and III and Plaintiff's requests for declaratory relief, bad faith damages, costs, expenses, and interest should be dismissed. Doc. 17 at 1. Plaintiff, however, provides no substantive argument or case law in support of his otherwise conclusory response to the Motion to Dismiss. *See id*. at 1-2. Thus, Plaintiff has not provided any meaningful response to the legal arguments presented in the Motion to Dismiss.

#### A. Counts II and III

Defendant argues that Counts II and III are either preempted or barred by federal law and, thus, those claims should be dismissed. Doc. 7 at 6-9. The undersigned agrees.

"A claim under state law is expressly preempted when Congress has manifested its intent to preempt state law explicitly in the language of the statute. Federal regulations have the same preemptive effect as federal statutes." *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007) (internal quotation marks and citation omitted).

This case stems from a dispute concerning coverage provided under a standard flood insurance policy (SFIP). Docs. 1 at ¶ 3; 7-2; 8 at ¶ 3. The SFIP was issued pursuant to the provisions of the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq*., which authorized

the Federal Emergency Management Agency (FEMA) to create and manage a national flood insurance program (NFIP). 42 U.S.C. § 4011(a). FEMA created the Write-Your-Own Program (WYO Program), which allows private insurers to issue and administer SFIPs under the NFIP to assist FEMA in its statutory duty to administer the NFIP. *See Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1308 (11th Cir. 2001) (citing 42 U.S.C. § 4081(a)). The WYO Program allows private insurance companies, like Defendant, to issue SFIPs in their own names, while serving as fiscal agents of the United States. *See* 42 U.S.C. § 4071(a)(1); 44 C.F.R. § 62.23(f-g); *see also Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 17-18 (11th Cir. 2012). "The federal government underwrites the policies [issued under the WYO program] and private WYO carriers perform significant administrative functions including arrang[ing] for the adjustment, settlement, payment and defense of all claims arising from the policies." *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009) (internal quotation marks omitted). A claim made pursuant to a SFIP is ultimately paid by the United States Treasury. *Flamingo S. Beach*, 492 F. App'x at 18.

The SFIP is a creature of regulation codified in 44 C.F.R. pt. 61, app. A(1), which contains the following provision concerning the governing law:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

44 C.F.R. pt. 61, app. A(1), art. IX. The Eleventh Circuit has held that there is a clear intent that federal law governs disputes involving SFIPs, *Wright v. FEMA*, 913 F.2d 1566, 1570-71 (11th Cir. 1990), and, as a result, all state law claims involving a SFIP are preempted by federal law, *Shuford*, 508 F.3d at 1344.

The SFIP at issue in this case contains the same governing law provision as previously set forth in this report. *Compare* Doc. 7-2 at 28 *with* 44 C.F.R. pt. 61, app. A(1), art. IX. Thus, this action is governed by federal law. *Wright*, 913 F.2d at 1570-71. Therefore, Plaintiff's state law claim for negligent misrepresentation (Count II) is preempted by federal law and is due to be dismissed. *Shuford*, 508 F.3d at 1344; *see also Harkleroad v. Claxton*, 2011 WL 13199126, at *3 (S.D. Ga. Dec. 12, 2011) (interpreting *Shuford* to hold that all state law claims arising from or relating to the handling of an SFIP claim are preempted by federal law).

Plaintiff's third cause of action, which purports to assert a federal claim for failing to timely adjust Plaintiff's insurance claim and failing to honor Plaintiff's proof of loss, fairs no better than his second cause of action. First, Count III is untethered to any specific aspect of the NFIA, the CFR, or federal common law. *See* Doc. 1 at 4. Thus, it appears that Plaintiff is, in fact, asserting a state law claim masquerading as a federal claim, in which case Count III is preempted by federal law. *Shuford*, 508 F.3d at 1344.

Even if Count III is liberally interpreted as asserting a federal claim, the undersigned finds that Plaintiff is barred from asserting such a claim. "The language of the NFIA indicates that this Court may only review those cases that involve disputes in coverage, or breach of contract causes of action deriving from a denial of insurance claims." *Skinner v. Colonial Claims, LLC*, 2018 WL 2572782, at *5 (N.D. Ala. June 4, 2018) (quoting *Stapleton v. State Farm Fire & Cas. Co.*, 11 F. Supp. 2d 1344, 1346 (M.D. Fla. 1998)); *see Gunter v. Farmers Ins. Co., Inc.*, 736 F.3d 768, 773 (8th Cir. 2013) ("The NFIP specifically allows a policyholder to sue a WYO insurer for breach of contract . . . but it does not contemplate extracontractual claims such as negligence or actions for a declaratory judgment."); *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) (holding that the NFIA does not authorize extra-contractual claims under the federal common law). Plaintiff

asserted a breach of contract claim in Count I, Doc. 1 at 2, which Defendant has not moved to dismiss.  The claim asserted under Count III, however, does not relate to coverage or assert a breach of contract claim.  Instead, the claim asserted under Count III appears to relate to the manner in which Plaintiff's insurance claim was handled, i.e., the alleged failure to timely adjust Plaintiff's insurance claim and failure to honor Plaintiff's proof of loss.  Doc. 1 at 4.  Thus, Count III appears to assert a claim that Defendant was negligent in how it handled Plaintiff's insurance claim.  Such claims, however, are not permitted in an action such as this.  *See Gunter*, 736 F.3d at 773 (finding that the NFIP does not contemplate extracontractual claims such as negligence or actions for a declaratory judgment); *Wright*, 500 F.3d at 398 (finding that the NFIA did not authorize federal common law claims for fraud and negligent misrepresentation); *Skinner*, 2018 WL 2572782, at *5 (finding claims against an adjuster "arising from the handling of any claim" in an action involving an SFIP are preempted by federal law).  Therefore, the undersigned finds that Count III is due to be dismissed.

### B. Plaintiff's request for declaratory relief, bad faith damages, costs, expenses, and interest

Defendant argues that Plaintiff is not entitled to declaratory relief, bad faith damages, costs, expenses, or interest.  Doc. 7 at 8-9, 11-12.  The undersigned agrees.

The SFIP provides that coverage extends to direct physical loss by or from flood to the insured property and, if applicable, the personal property inside the insured property.  Doc. 7-2 at 5, 7.  This coverage is consistent with the implementing statute, which provides that flood insurance offered through the program will cover "against loss resulting from physical damage to or loss of real property or personal property related thereto arising from any flood occurring in the United States."  42 U.S.C. § 4011(a).  Thus, "the type of loss insured under the SFIP does not include the kind of economic loss claimed . . . under the rubric of consequential damages," but is

limited to the physical damage the flood caused to the insured property. *Perdido Sun Condo. Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 2007 WL 2565990, at *6 (N.D. Fla. Aug. 30, 2007) (internal quotation marks omitted) (quoting *Atlas Pallet, Inc. v. Gallagher*, 725 F.2d 131, 139 (1st Cir. 1984)).

Plaintiff seeks damages for the losses caused by the flood, but he also seeks declaratory relief, bad faith damages, costs, expenses, and interest. Doc. 1 at 4. Plaintiff, however, is not entitled to declaratory relief, bad faith damages, costs, or expenses because such relief is not expressly permitted in the SFIP or the NFIP's implementing statute. *See, e.g.*, *Gunter*, 736 F.3d at 773 ("The NFIP . . . does not contemplate extracontractual claims . . . for a declaratory judgment.");[3] *Chatman v. Wright Nat'l Flood Ins. Co.*, Case No. 3:17-cv-125-HES-PDB, 2017 WL 3730558, at *2 (M.D. Fla. June 21, 2017) ("Plaintiff is not entitled to recover attorney's fees or other litigation related expenses, as the SFIP only extends to provide coverage for loss or damage to insured property, directly caused by a flood." (internal quotation marks omitted)); *Ravasio v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 81 F. Supp. 3d 274, 280 (E.D.N.Y. 2015) (expressly rejecting the plaintiffs "extra-contractual requests for interest, costs, and attorneys' fees" because the NFIP "preempts state law claims for penalties and attorneys' fees brought against WYO insurance carriers participating in the . . . NFIP"); *Harkleroad*, 2011 WL 13199126, at *4 (finding that plaintiff who brought suit to recover under SFIP was not entitled to recover bad faith damages under a state statute); *Messa v. Omaha Property & Cas. Ins. Co.*, 122 F. Supp. 2d 513, 522 (D.N.J. 2000) (concluding that "plaintiffs are not entitled to receive compensatory, punitive, or

---

[3] Plaintiff's request for declaratory relief also appears to be redundant of his breach of contract claim because he "would get nothing from a declaratory judgment that [he] would not get from prevailing on [his] breach of contract claim[ ]." *Fisher v. Beers*, 2014 WL 3497572, at *4-5 (E.D. La. July 14, 2014) (dismissing plaintiff's claim for declaratory relief in a case involving a SFIP because it was redundant of plaintiff's breach of contract claim).

consequential damages, or attorney's fees, for alleged bad faith during the National Flood Insurance Program claims handling process, because federal law does not provide for those remedies in this type of case."). Further, Plaintiff's requests for interest is prohibited under the no-interest rule, which is a "sovereign immunity principle that [i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award.'" *Newton*, 245 F.3d at 1309 (internal quotation marks omitted) (holding that the no-interest rule prohibits awards of prejudgment interest against WYO companies). Therefore, Plaintiff's request for declaratory relief, bad faith damages, costs, expenses, and interest is due to be dismiss.

## IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 7) be **GRANTED**; and
2. The following be dismissed from the Complaint:
    a. Counts II and III; and
    b. Plaintiff's request for declaratory relief, bad faith damages, costs, expenses, and interest (Doc. 1 at 4, ¶¶ A-D).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 6, 2019.

                                          DANIEL C. IRICK
                                          UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy